United States Court of Appeals,

Fifth Circuit.

No. 92-1517.

OLD REPUBLIC INSURANCE CO., Plaintiff-Counter Defendant-Appellee,

v.

COMPREHENSIVE HEALTH CARE ASSOCIATES, INC. and Steve Tarris, Jr., Defendants-Counter Plaintiffs-Third Party Plaintiffs-Appellants,

v.

UNIGARD, Third Party Defendant-Appellee.

Sept. 16, 1993.

Appeal from the United States District Court for the Northern District of Texas.

Before JOLLY, DAVIS, and JONES, Circuit Judges.

EDITH H. JONES, Circuit Judge:

In this case we review whether a company sued for alleged employee sexual misconduct is covered by insurance policies issued by Old Republic Insurance Co. ("Republic") and Unigard Security Insurance Company ("Unigard"). We conclude that the claims alleged against the company were specifically excluded from both policies. Thus, the insurers had no duty to defend the lawsuits, and the district court's summary judgment for the insurers must be affirmed.

BACKGROUND

This case arose from the insurers' refusal to defend three lawsuits. The first suit was filed by Delores Hankins, Penny Y. Brasier and Geneva Robertson against Steve Tarris[1] and his employer Comprehensive Health Care Associates ("CHCA") for sexual harassment, sexual assault, sexual discrimination, retaliation, negligent hiring and supervision, and slander. Judgment following a jury verdict was entered for Tarris and CHCA, but they incurred significant legal expenses. The other two cases both involved charges Shirley Partain filed, in state and federal court, against Tarris and CHCA alleging similar causes of action. Partain's federal case remains pending, while the state case was

---

[1] The appellant's name is actually "Taras," but we perpetuate the misspelling to be consistent with the record.

nonsuited.

Tarris and CHCA were covered by two insurers. Republic issued two policies, a Comprehensive General Liability Policy and a Broad Form Comprehensive General Liability Policy. Unigard had issued an umbrella policy called its Blanket Commercial Catastrophe Policy to handle events excess to the Republic policies.[2] Both insurers refused to defend in the *Hankins* case and after handling some initial discovery both refused to defend in the *Partain* matters.

The insurers then filed suit in district court seeking a declaration of non-coverage. The district court granted their request because, it found, the allegations of the injury lawsuits did not state "occurrences" under the body of the policies. 786 F.Supp. 629 (N.D.Tex.1992). In a footnote, it held that the policies' exclusions also prevented coverage. On appeal, the parties argue over the scope of "occurrences" and exclusions under the policies. We believe the exclusions are dispositive and therefore do not revisit the meaning of "occurrences."

ANALYSIS

The court reviews interpretations of insurance contracts, as of all contracts, *de novo. Harbor v. Urban Const.,* 990 F.2d 195, 199 (5th Cir.1993); *Heinhuis v. Venture Assoc.,* 959 F.2d 551, 553 (5th Cir.1993). When undertaking review following a summary judgment, we are not limited to the district court's conclusions but can affirm the district court's judgment on any grounds argued below and supported by the record. *Sojourner T. v. Edwards,* 974 F.2d 27, 30 (5th Cir.1992), *cert. denied* --- U.S. ----, 113 S.Ct. 1414, 122 L.Ed. 785 (1993); *In re Jones,* 966 F.2d 169, 172 (5th Cir.1992).

A duty to defend arises out of the liability insurance policies provided to CHCA. Texas law, applicable in this diversity case, construes insurance policies in favor of the insured. *Harbor Insurance Company v. Trammell Crow Co.,* 854 F.2d 94, 99 (5th Cir.1988), *cert. denied,* 489 U.S. 1054, 109 S.Ct. 1315, 103 L.Ed.2d 584 (1989). An ambiguous policy, susceptible to more than one reasonable interpretation, must be construed in favor of the insured. *Ramsay v. Maryland American General Insurance Co.,* 533 S.W.2d 344, 349 (Tex.1976). Further, an insurer must defend those cases against its insured which are reasonably within its policy coverage. *Fidelity & Guaranty*

---

[2]It is undisputed here that Tarris was not covered by the Unigard policy.

*Insurance Underwriters, Inc. v. McManus,* 633 S.W.2d 787, 788 (Tex.1982).

In Texas, the insurer's duty to defend is based solely on the allegations of the state or federal court petition. *Cullen/Frost Bank of Dallas v. Lloyd's,* 852 S.W.2d 252, 255 (Tex.App.—Dallas 1993). Our task is to review the allegations made in the court petitions against Tarris and CHCA in light of the exclusions in the insurance contracts to ascertai n whether there was a duty to defend. Appellants hope to persuade us that ambiguities in the scope of the exclusions required the insurers to defend at least some of the claims asserted in the *Hankins* and *Partain* cases.

1. The Allegations Against CHCA and Taras

The *Hankins* petition alleged that Steve Tarris, as administrator of the Henrietta Care Center operated by CHCA, subjected the plaintiff-employees "to sexual advancements, sexual innuendoes, harassing remarks and demands for sexual favors". When plaintiffs responded negatively to his advances, Tarris allegedly "insinuated that plaintiffs would not get pay raises; that he would not sign their paychecks or po ssibly not release their check to them; threatened to tamper with personal property belonging to them; that they would not be able to continue as employees ...; that working conditions and scheduling might be changed to a less than desirable atmosphere; and threatened that they would be unemployable in their chosen field either in this area or another." Plaintiffs also alleged that these events resulted in gender-based discrimination and subjected them to a "working environment where sexual compliance was made a condition of employment." They sought relief based upon sex discrimination, sex harassment, assault and slander by Tarris, "negligence per se" in violation of Texas Penal Code § 22.011(a)(3), ratification of Tarris's acts by CHCA, and negligence including negligent hiring and supervision of Tarris by CHCA.

Ms. Partain's state court petition, alleging similar actions, characterized her causes as related to assault and battery, invasion of privacy, and intentional infliction of emotional distress, in addition to the causes of action alleged by the *Hankins* plaintiffs. In federal court, she alleged gender-based discrimination including sexual harassment, termination, discrimination in the terms, conditions and privileges of her employment, and retaliation by CHCA and Tarris.

2. The Republic Policies

Old Republic's insurance coverage contained two specific exclusions that are relevant to this case. First, it contained a sexual abuse exclusion that stated:

> In consideration of the premium charged, it is agreed that such coverage as is provided by this policy shall not apply to any claim, demand and causes of action arising out of, or resulting from, either physical abuse, sexual abuse or licentiousness, immoral or sexual behavior intended to lead to, or culminating in any sexual act, whether caused by, or at the instigation of, or at the direction of, or omission by, the Insured, his employees, patrons or any causes whatsoever.

Second, an employment-related claim exclusion stated:

> It is understood and agreed that:
>
> 1. The policy does not provide any insurance coverage with respect to any claim, demand or causes of action arising out of or resulting from wrongful discharge, retaliatory discharge or any claim arising from the employment relationship between the insured and any of its employees, any allegations of such, whether caused by, or at the instigation of, or at the direction of, or omission by, the insured, his employees, or any causes whatsoever.
>
> 2. The Company has no duty under the policy to defend the insured with respect to any claim, demand or cause of action of the sort described under paragraph 1....

CHCA and Tarris assert that neither Republic's sexual abuse exclusion nor the employment related exclusion, the latter of which they mischaracterize as a "wrongful discharge" exclusion, prevents coverage and a duty to defend from arising in regard to at least some of the allegations in the *Hankins* and *Partain* cases. Examining first the sexual abuse exclusion, appellants contend that the clause covers only sexual behavior "intended to lead to or culminating in any sexual act"; inasmuch as certain of Tarris's alleged assaults, touching and remarks were not so intended, the argument continues, they must be covered. Appellants also point to allegations of slander, negligent supervision and hiring of Tarris and other negligent actions by CHCA.

We disagree that the exclusion is so narrow. The open-ended term "sexual abuse" in the same clause is not modified by the "intended" clause and covers some of Tarris's conduct. But apart from that, the "intended" clause refers to "any sexual act"—another highly unspecific term. Moreover, if the sexual abuse exclusion concerned only conduct intended to lead to a sexual act, that is precisely what the allegations of the *Hankins* and *Partain* petitions, fairly read, assert. Even the hostile environment claims state that Tarris's alleged actions created "a working environment where sexual compliance was made a condition of employment." Finally, the sexual abuse exclusion also

encompasses "omissions by" the insured and thus covers, it seems to us, the alleged negligent actions of CHCA.

Perhaps slander would not be covered by the sexual abuse exclusion, but that tort is comprehended within the employment-related exclusion. That exclusion broadly covers virtually any claim arising out of the employment relationship between CHCA and Tarris and other employees. Both slander of the employees' work reputations, whether it occurred during or after their employment at CHCA, and the negligence claims against CHCA are inextricably intertwined with the underlying sexual harassment and discrimination claims. In Texas, because the underlying claim for intentional harassment is excluded from policy coverage, the interrelated negligence and slander claims are also not covered. *Thornhill v. Houston General Lloyd's,* 802 S.W.2d 127, 30 (Tex.App.—Fort Worth 1991, no writ); *Centennial Insurance Co. v. Hartford Acc. & Indem. Co.,* 821 S.W.2d 192, 194-95 (Tex.App.—Houston 1991, no writ).

The Republic policies will not carry the burden CHCA and Tarris have assigned to them.

3. The Unigard Policy

The Unigard policy also contains two endorsements that are relevant. The Personal Injury Follow Form reads:

> It is agreed that the definition of personal injury under this policy is revised to read as follows:
>
> "Personal injury" means bodily injury, sickness, disease, disability or shock, including death arising at any time therefrom, or, if arising out of the foregoing mental anguish and mental injury.
>
> It is further agreed that no coverage is provided by the policy for claims, suits, actions or proceedings against the insured arising out of:
>
> . . . . .
>
> (2) Libel, slander, defamation of character, humiliation or invasion of the rights of privacy, unless arising out of advertising activities.

Further, Unigard had an exclusion specifically for employment discrimination:

> It is agreed that no insurance is afforded for bodily injury, property damage or personal injury, including defense expense sustained by any person and caused directly or indirectly by demotion, dismissal, failure to hire or promote, or otherwise arising out of employment or prospective employment of any person by any insured.

The same results hold for the Unigard policy as for the Republic policies, although on

somewhat different reasoning. We first lay aside appellants' ingenious argument that sexual discrimination remained clearly covered by the Unigard policy even after the policy was amended by the "Personal Injury Follow Form" as quoted above. The definition of personal injury was "revised" to exclude specific coverage for sexual discrimination, which had theretofore been included in the personal injury definition. Contrary to appellants' assertions, there is no ambiguity in this change.

Even though this change alone did not necessarily eliminate the policy's coverage of claims arising from sexual discrimination or harassment, certain express exclusions accomplished that purpose. Libel, slander, defamation, and invasion of rights of privacy are explicitly or implicitly pled in both lawsuits against CHCA and Tarris. Those types of claims are expressly not afforded coverage. Further, Unigard's "employment discrimination" exclusion applies to bodily or personal injury "caused directly or indirectly by demotion, dismissal, failure to hire or promote, or *otherwise arising out of employment* ... of any person ..." (emphasis added). Because all of the causes of action alleged in the *Hankins* and *Partain* cases, based on either intentional or negligent conduct, arose out of their plaintiffs' employment by CHCA, it is impossible to see how any of the alleged claims survived this exclusion. *See also Aberdeen Ins. Co. v. Bovee,* 777 S.W.2d 442 (Tex.Ct.App.—El Paso, 1989, no writ) (construing a similar type exclusion to eliminate duty to defend).

## CONCLUSION

In sum, even if the Unigard and Republic policies somehow otherwise invoked a duty to defend CHCA and/or Tarris in these lawsuits, by the policy exclusions, the insurers unequivocally forbore to grant such coverage or defense.

For the foregoing reasons, we affirm the district court's summary judgment in favor of the insurance companies. AFFIRMED.