# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3406

_____

Capitol Indemnity Corporation,　　　*
a corporation,　　　　　　　　　　　*
　　　　　　　　　　　　　　　　　*
　　　　　　　　　　　　　　　　　*
　　　　　　Appellee,　　　　　　　*
　　　　　　　　　　　　　　　　　*　Appeal from the United States
　　　v.　　　　　　　　　　　　　 *　District Court for the
　　　　　　　　　　　　　　　　　*　Eastern District of Missouri.
1405 Associates, Inc., doing business　*
as Ford Apartments; Ranbir Bajwa,　 *
individually,　　　　　　　　　　　*
　　　　　　　　　　　　　　　　　*
　　　　　　Appellants.　　　　　　 *

_____

Submitted:　May 16, 2003
　　Filed:　August 15, 2003

_____

Before WOLLMAN, MAGILL, and BEAM, Circuit Judges.

_____

MAGILL, Circuit Judge.

Defendants-Appellants 1405 Associates, Inc., d/b/a Ford Apartments ("1405"), and Ranbir Bajwa ("Bajwa"), president of 1405, appeal the district court's[1] grant of summary judgment in favor of Plaintiff-Appellee Capitol Indemnity Corp. ("Capitol"), 1405's liability insurer. Capitol filed an action in the district court

_____

[1]The Honorable Carol E. Jackson, Chief Judge, United States District Court for the Eastern District of Missouri.

seeking a declaratory judgment that it did not have a duty to defend 1405 and Bajwa in a suit against the company and its president by a former employee. The district court granted summary judgment for Capitol, finding no duty to defend or indemnify. Bajwa and 1405 appeal. Our jurisdiction is proper pursuant to 28 U.S.C. § 1291 (2000). For the following reasons, we affirm.

## I.

Appellant Bajwa is the president of 1405, a corporation that owns and operates a residential property known as the Ford Hotel ("Hotel"). Capitol provides commercial insurance to 1405. On September 11, 2000, the Hotel's manager, Regina Delaney ("Delaney"), left her employment at the Hotel. Bajwa and 1405 subsequently reported to the authorities that Delaney had failed to turn over all of the rent receipts she collected prior to her departure. Delaney was arrested based on these allegations.

After her arrest, Delaney filed a state court action against Bajwa and 1405 alleging, inter alia, false arrest, false imprisonment, unjust enrichment, wrongful termination, slander, and violations of the Fair Labor Standards Act ("FLSA"). Capitol undertook Bajwa's and 1405's defense, but reserved a right to disclaim coverage.

Capitol then filed an action in the district court seeking a declaration that it had no duty to defend or indemnify 1405 or Bajwa with regard to Delaney's suit. Finding that policy exclusions barred coverage, the district court granted summary judgment for Capitol. Bajwa and 1405 appeal, claiming that the district court (1) lacked subject matter jurisdiction because the complaint failed to specify the amount in controversy, and (2) erred in granting summary judgment based on policy exclusions.

## II.

First, we must determine if the district court had jurisdiction to hear Capitol's action for declaratory judgment. A "complaint that alleges the jurisdictional amount in good faith will suffice to confer jurisdiction, but the complaint will be dismissed if it appear[s]to a legal certainty that the claim is really for less than the jurisdictional amount." Kopp v. Kopp, 280 F.3d 883, 884 (8th Cir. 2002) (citation and quotations omitted).

When the parties to an action are citizens of different states, as they are here,[2] a district court has original subject matter jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). This amount-in-controversy requirement is satisfied "when a fact finder could legally conclude, from the pleadings and the proof adduced to the court before trial, that the damages that the plaintiff suffered are greater than $75,000." Kopp, 280 F.3d at 885.

Bajwa and 1405 claim that the district court lacked subject matter jurisdiction because Capitol's complaint failed to specify that the amount in controversy exceeded the $75,000 minimum required for diversity jurisdiction. We disagree. In its Supplemental Complaint for Declaratory Judgment, which governs this claim, and the attached Second Amended Petition, Capitol alleges the following damages: (1) "approximately $20,000" for unjust enrichment; (2) $43,673.49, exclusive of interest, for FLSA violations; and (3) $25,000 in compensatory damages and $25,000 in punitive damages for false arrest. These alleged damages total $113,673.49. This number exceeds the jurisdictional requirement of $75,000. Therefore, we find that the district court did have subject matter jurisdiction over Capitol's action.

_____

[2]Capitol is a Wisconsin corporation with its principal place of business in Wisconsin. Appellant 1405 is a Missouri corporation with its principal place of business in Missouri, and Bajwa is a Missouri citizen. As such, complete diversity of citizenship exists between the parties.

### III.

Next, we examine whether the district court erred in granting summary judgment for Capitol, finding that the policy excluded representation "arising out of" termination of employment or employee-related practices and therefore, Capitol had no duty to defend Bawja or 1405. Under Missouri law, applicable in this diversity case, "[t]he interpretation of the meaning of an insurance policy is a question of law." <u>Standard Artificial Limb, Inc., v. Allianz Ins. Co.</u>, 895 S.W.2d 205, 209 (Mo. Ct. App. 1995) (citation omitted). Therefore, our review is <u>de</u> <u>novo</u>. <u>See, e.g.</u>, <u>Kunkel v. Sprague Nat'l Bank</u>, 128 F.3d 636, 641 (8th Cir. 1997) (citation omitted).

Capitol issued a Commercial General Liability policy ("Policy") to 1405. The Policy provision relevant to this appeal is known as "Coverage B: Personal And Advertising Injury Liability." This provision covers the insured's damages resulting from another's "personal and advertising injury," including injury arising from false arrest, imprisonment, or slander.[3] The Policy also contained the following exclusion, entitled "Employment-Related Practices Exclusion":

> This insurance does not apply to:
> "Personal and advertising injury" to:
>    (1) A person arising out of any:
>         (a)  Refusal to employ that person;
>         (b)  Termination of that person's employment; or
>         (c)  Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation or discrimination

---

[3]The district court also found that a separate provision of the Policy, Coverage A: Bodily Injury and Property Damage Liability, which covers the insured's damages resulting from bodily injury to a person, was inapplicable because no "occurrence" took place that would give rise to coverage under this provision. Appellants waived any arguments under this provision, as they failed to challenge them in brief. <u>See, e.g.</u>, <u>Jasperson v. Purolator Courier Corp.</u>, 765 F.2d 736, 740-41 (8th Cir. 1985) (citations omitted). Therefore, we need not address this issue.

directed at that person.
. . . .
This exclusion applies . . . [w]hether the insured may be liable as an employer or in any other capacity.

Policy, Appellee App. at 149.

Capitol argues that this exclusion bars coverage, even if Delaney's claims otherwise would be covered under Coverage B. Bawja and 1405 argue that the exclusion is inapplicable because the events giving rise to Delaney's suit occurred after she terminated her employment with 1405. We agree with Capitol that the Policy exclusion bars coverage.

Policy exclusions and limitations are to be strictly construed against the insurer. Standard Artificial Limb, 895 S.W.2d at 209. However, under Missouri insurance law, "arising out of" has been interpreted "to be a very broad, general and comprehensive phrase" meaning "originating from" or "having its origins in" or "growing out of"or "flowing from." Colony Ins. Co. v. Pinewood Enters., Inc., 29 F.Supp.2d 1079, 1083 (E.D. Mo. 1998) (citations and quotations omitted). When this phrase is used, as it is in the relevant Policy exclusion, the applicable causation standard is not the strict "direct and proximate cause" standard applicable in general tort law. Id. (citation omitted). Instead, "arising out of"may be established by a "simple causal relationship . . . between the accident or injury and the activity of the insured." Id. We find that such a relationship exists here, as the incidents of which Delaney complains, specifically false arrest, false imprisonment, and slander, all flow directly from Delaney's employment with 1405.

The Fifth Circuit agreed with our interpretation of the phrase "arising out of" when it reviewed a similar employment-related practices exclusion. See Old Republic Ins. Co. v. Comprehensive Health Care Assocs., Inc., 2 F.3d 105, 109 (5th Cir. 1993) (stating that such exclusions bar coverage for "virtually any claim arising out of the employment relationship"). Because we find that the suit by Delaney

-5-

against 1405 and Bawja did "arise out of" Delaney's employment with 1405, and therefore, Capitol had no duty to defend or indemnify 1405 or Bawja with regard to Delaney's suit against her former employer, we affirm the district court's grant of summary judgment.

## IV.

For the aforementioned reasons, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.