# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 07-1916

———————

Spirtas Company, doing business          *
as Spirtas Wrecking Company,             *
                                         *
          Appellant,                     *
                                         *   Appeal from the United States
     v.                                  *   District Court for the
                                         *   Eastern District of Missouri.
Federal Insurance Company,               *
                                         *
          Appellee.                      *

———————

Submitted: December 13, 2007
Filed: April 1, 2008

———————

Before BYE, ARNOLD, and MELLOY, Circuit Judges.

———————

BYE, Circuit Judge.

Spirtas Company appeals the district court's[1] grant of summary judgment in favor of Federal Insurance Company, which insured Spirtas by virtue of directors and officers liability (D&O) policies it had sold and issued. The district court determined Federal had no obligation to defend or indemnify Spirtas in a lawsuit brought against it by MIG/Alberici LLC (MIG). We affirm.

———————

[1]The Honorable Audrey G. Fleissig, United States Magistrate Judge for the Eastern District of Missouri, presiding by the consent of the parties pursuant to 28 U.S.C. § 636(c).

I

The district court's decision contains a thorough discussion of the factual background. See Spirtas Co. v. Fed. Ins. Co., 481 F. Supp. 2d 993, 994-96 (E.D. Mo. 2007). We provide an abbreviated version here.

Spirtas is a Missouri corporation in the business of demolishing structures. It was insured by Federal under D&O policies issued in Missouri which, as relevant, contained exclusions (hereinafter contract exclusions) precluding coverage for claims "based upon, arising from, or in consequence of any actual or alleged liability . . . under any written or oral contract or agreement, provided that this Exclusion[] shall not apply to the extent that an Insured Organization would have been liable in the absence of the contract or agreement."

Spirtas entered into a written subcontract agreement with MIG obligating Spirtas to serve as a demolition subcontractor on a project located in New Jersey. A dispute arose between MIG and Spirtas over Spirtas's performance of the subcontract. MIG sued Spirtas in Michigan state court. MIG's complaint contained five counts. One count alleged a breach of contract based upon Spirtas's failure to complete its work as required under the subcontract. One count was titled "Express or Implied Trust" and alleged an express trust relationship existed between MIG and Spirtas as a result of the subcontract and Spirtas breached its trust obligations by failing to pay other subcontractors, suppliers, and job creditors of the New Jersey project. Another count was for conversion and alleged Spirtas wrongfully converted funds MIG paid to Spirtas under the subcontract by refusing to pay other subcontractors, suppliers, and job creditors. Another count was for unjust enrichment and alleged Spirtas would be unjustly enriched if allowed to keep funds paid to it by MIG under the subcontract without fully compensating Spirtas's subcontractors and suppliers. Finally, an additional count sought declaratory relief asking for a stay of a lawsuit Spirtas filed against MIG in Missouri state court and alleging Spirtas initiated the Missouri

litigation in violation of a clause in the subcontract requiring the parties to submit disputes to non-binding mediation as a condition precedent to litigation.

Spirtas asked Federal to defend and indemnify it in the MIG lawsuit. Federal denied coverage based upon its policies' contract exclusions. Spirtas then filed this lawsuit against Federal in Missouri federal district court contending Federal's D&O policies provided coverage for the MIG lawsuit. Federal moved for summary judgment, which the district court granted after concluding all the claims brought in MIG's lawsuit arose from the contractual relationship between Spirtas and MIG, and the policies' contract exclusions applied to bar coverage. Spirtas filed a timely appeal to this court.

## II

We review a district court's grant of summary judgment de novo. Macheca Transport Co. v. Phila. Indem. Co., 463 F.3d 827, 831 (8th Cir. 2006). This case involves the interpretation of the terms of an insurance contract, an issue which we also review de novo. Id.

"[I]n this appeal from a Missouri forum, Missouri law governs the interpretation of a policy issued there to a Missouri corporation, with its principal place of business and principal risk in the state." State Farm Fire & Cas. Co. v. Nat'l Research Ctr. for Coll. & Univ. Admissions, 445 F.3d 1100, 1104 (8th Cir. 2006); see also Cont'l Ins. Cos. v. Ne. Pharm. & Chem. Co., Inc., 811 F.2d 1180, 1184 (8th Cir. 1987) (holding "Missouri law governs the interpretation of the insurance policies at issue because that state has the most significant relation with the negotiation and terms of the insurance contract."); Superior Equip. Co., Inc. v. Md. Cas. Co., 986 S.W.2d 477, 480-81 (Mo. Ct. App. 1998) ("In cases involving surety or casualty insurance . . . the most important factor is the state which the parties contemplated as the principal location of the insured risk."); Hartzler v. Am. Family Mut. Ins. Co., 881 S.W.2d 653, 655

(Mo. Ct. App. 1994) (indicating the "policies at issue furnish a clear showing of the parties' intention as to the location of the insured risk" where "[m]any terms and conditions of these policies make express reference to [the law of a particular jurisdiction].").

Spirtas contends the district court erred when it determined the D&O policies' contract exclusions applied and Federal had no duty to defend or indemnify Spirtas in the MIG lawsuit. More specifically, Spirtas alleges the district court construed the "arising from" language used in the exclusions too broadly. We disagree. The district court correctly noted the term "arising from" is construed broadly such that an exclusion precluding insurance coverage for claims arising from a contract not only applies to claims sounding directly in contract but also to claims sounding in tort as long as they "flowed from or had their origins in the breach of the [] contract." Spirtas, 481 F. Supp. 2d at 998 (citing Capitol Indem. Corp. v. 1405 Assocs., Inc. 340 F.3d 547, 550 (8th Cir. 2003) (applying Missouri law and interpreting the synonymous phrase "arising out of") & Callas Enters., Inc. v. Travelers Indem. Co. of Am., 193 F.3d 952, 955-56 (8th Cir. 1999) (applying Minnesota law)); see also GE HFS Holdings, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 520 F. Supp. 2d 213, 229 (D. Mass. 2007) (concluding a contract exclusion barred coverage where "performance under the contract is the crux of [the] complaint" and "the allegedly wrongful conduct was part and parcel of performance under the contract.").

In this case, the five counts MIG alleged in its lawsuit against Spirtas all arose from the contractual relationship between the parties and flowed from Spirtas's alleged breach of the subcontract, and thus the D&O policies' contract exclusions applied notwithstanding the fact some of MIG's counts sounded in tort rather than in contract.

Spirtas argues the courts which have given an expansive reading of similar contract exclusions have done so when interpreting the phrase "arising out of" rather than the phrase "arising from." Spirtas argues the phrase "arising from" has a more

restrictive meaning than the phrase "arising out of," and the district court erroneously equated the two terms. We disagree. In fact, in the insurance context courts appear to be unanimous in interpreting the phrase "arising out of" synonymously with the term "arising from," as reflected by this statement from a California court:

> California courts have consistently given a broad interpretation to the terms "arising out of" or "arising from" in various kinds of insurance provisions. It is settled that this language does not import any particular standard of causation or theory of liability into an insurance policy. Rather, it broadly links a factual situation with the event creating liability, and connotes only a minimal causal connection or incidental relationship.

Acceptance Ins. Co. v. Syufy Enters., 81 Cal. Rptr. 2d 557, 561 (Cal. App. 1 Dist. 1999); see also Am. States Ins. Co. v. Bailey, 133 F.3d 363, 370 n. 7 (5th Cir. 1998) (indicating the phrase "arising out of" is indistinguishable from the phrase "arising from"); Provident Life and Acc. Ins. Co. v. Barnard, 372 S.E.2d 369, 371 (Va. 1988) (concluding an insurance policy's use of the phrase "arising from or in the course of employment" was synonymous with a statute's use of the phrase "arising out of and in the course of employment"). Various courts have consistently construed the terms expansively:

> Use of the term "arising out of" has been construed such that it broadly links a factual situation with the event creating liability, and connotes only a minimal causal connection or incidental relationship. . .. Such language requires the court to examine the conduct underlying the lawsuit, instead of the legal theories attached to the conduct.

Medill v. Westport Ins. Corp., 49 Cal. Rptr. 3d 570, 578-79 (Cal. App. 2 Dist. 2006) (internal quotations and citations omitted); see also Capitol Indem. Corp., 340 F.3d at 550 (applying Missouri law & interpreting "arising out of" broadly).

Citing <u>Fidelity and Casualty Co. of New York v. Wrather</u>, 652 S.W.2d 245 (Mo. Ct. App. 1983), Spirtas claims the Missouri courts, unlike courts in many other states, have equated the phrase "arising from" with the more restrictive phrase "resulting from." <u>See</u> <u>Wrather</u>, 652 S.W.2d at 249 n.5 ("At least one authority has said, in a situation not involving insurance, 'The words 'arising from' are synonymous with the words 'resulting from.'" (citing Roget's Int'l Thesaurus 72 (3d ed. 1962)). Spirtas contends the phrase "resulting from" requires a closer causal connection – between the contract and the claims brought in an underlying suit – than the term "arising out of," and thus the phrase "arising from" also requires a closer causal connection.

We disagree with Spirtas's reading of <u>Wrather</u>. <u>Wrather</u> did not hold "arising from" is synonymous with "resulting from." In the text accompanying the footnote Spirtas relies upon, it is clear the issue was whether the phrase "arising out of" is synonymous with the phrase "resulting from." The court not only specifically declined to address the issue, but also by extension the once-removed issue of whether the phrase "arising from" is synonymous with "resulting from":

> The words "resulting from" are substituted for "arising out of." Is the new wording synonymous with the old? Does the word "resulting" in the State Farm policy modify the word "accident" which immediately precedes it or does it modify the word "damage" (or bodily injury)? These questions, if such they be, have not been raised by State Farm *and will not be explored*.

<u>Id.</u> at 249-50 (emphasis added). It appears Missouri courts, if faced with the question, would follow the majority rule and interpret the phrase "arising from" broadly, similar to the broad interpretation given to the phrase "arising out of."

III

We affirm the decision of the district court.

_____