AMBRO, Circuit Judge,
concurring.
While I join the majority opinion in full and agree that there are issues of material fact precluding summary judgment, I write separately to add an additional inquiry I believe the District Court should conduct. There is no question that, if a jury concludes that Northeast’s negligence caused the explosion, any losses arising from that negligence, including its attorneys’ fees and settlement costs, would not be Fisher’s indemnification responsibility. But there is another issue as well — whether Northeast’s negligence caused the losses incurred, not whether it caused the explosion. This is a key distinction because the indemnity clauses are concerned with “Losses,” defined as “claims, demands, actions, losses, damages, liabilities, costs and expenses.” App. 539.
It is important to articulate the precise degree of causation at issue here. “[AJris-ing from” and “arising out of’ are very broad under Missouri law. Schmidt v. Utils. Ins. Co., 353 Mo. 213, 182 S.W.2d 181, 183 (1944); accord Capitol Indem. Corp. v. 1405 Assocs., Inc., 340 F.3d 547, 550 (8th Cir.2003). These phrases do not require direct and proximate causation, but instead only require a simple causal relationship. Capitol Indem., 340 F.3d at 550.
In Schmidt, the Court dealt with how far the causal chain could go before the plaintiffs injury could no longer arise out of the use of the defendant’s delivery trucks. It determined that the use of wooden blocks on the sidewalk, whose sole purpose was to facilitate the use and operation of the trucks in the delivery of coal, was “directly connected with and necessarily incident to the operation and use of the trucks.” Schmidt, 182 S.W.2d at 185. As a result, the Court concluded that, even *168 though the drivers were not operating or even unloading the truck, their negligent placement of wooden blocks on the sidewalk did, in fact, “arise out of’ the use of the trucks. Id. at 186. As Schmidt demonstrates, the use of “arising out of’ in indemnity agreements under Missouri law is broad indeed.
In this case, while without a doubt causing the explosion necessarily causes the losses, it is possible for Northeast’s negligence not to cause the explosion but still to cause the losses, either of which excludes Fisher’s indemnity obligations. If Northeast is shown to be negligent in transmitting the order to Fisher, resulting in delivery of an incorrect valve, a jury could find the causal relationship required between the negligent act and the losses incurred to exempt indemnity coverage. For example, the “arising from” relationship could be established by the following logic: (1) the negligent transmission by Northeast of the order; (2) the delivery of an incorrect valve; (3) the valve is involved in the explosion; (4) the valve is unexpectedly damaged in the fire; (5) the valve’s fire damage prompts an investigation focusing on the valve and a belief that it is the cause of the fire; (6) the investigation prompts the filing against Northeast and Fisher of the Underlying Litigation, which alleges direct negligence by both of them caused the fire; and (7) Northeast incurs over $1 million of “Losses” in the form of legal fees and settlement costs related to defending against the Underlying Litigation. This causal chain is less attenuated then the chain in Schmidt, and it is sufficient to establish Northeast’s negligence as the cause of the losses, irrespective of whether the negligence was the proximate cause of the explosion. In this scenario, even if the jury determines that negligence did not actually cause the explosion, it could reasonably find that the delivery of the incorrect valve, the investigation, the lawsuits — -and most importantly, the losses — all arose from Northeast’s negligence.
Thus, the inquiry should focus on the “arising from” language and the connection between any negligent acts or omissions committed by Northeast and the losses incurred by Northeast. Finding a causal relationship between the negligence and the explosion is merely one way to make the connection to the losses. With this additional clarification, I join the majority opinion in full.