Lumaj v. Garland
BIA
Cassin, IJ
A206 364 417

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12ᵗʰ day of April, two thousand twenty-one.

PRESENT:
> ROBERT D. SACK,
> DENNY CHIN,
> WILLIAM J. NARDINI,
> *Circuit Judges.*

---

EDMOND LUMAJ,
> *Petitioner*,

v.

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent*.[1]

18-3620 (L),
19-2036 (Con)

NAC

---

FOR PETITIONER:  David A. Isaacson, Esq., Cyrus D. Mehta & Partners PLLC, New York, N.Y.

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Merrick B. Garland is automatically substituted as Respondent.

**FOR RESPONDENT:**     Brian M. Boynton, Assistant Attorney General; Holly M. Smith, Senior Litigation Counsel; Jesse D. Lorenz, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Edmond Lumaj, a native and citizen of Albania, seeks review of (1) a June 27, 2019, decision of the BIA denying his motion to reconsider, *In re Edmond Lumaj*, No. A206 364 417 (B.I.A. June 27, 2019), and (2) a November 8, 2018, decision of the BIA affirming a November 6, 2017, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), *In re Edmond Lumaj,* No. A 206 364 417 (B.I.A. Nov. 8, 2018), *aff'g* No. A 206 364 417 (Immig. Ct. N.Y. City Nov. 6, 2017).  We assume the parties' familiarity with the underlying facts and procedural history.

## A. Docket 18-3620(L), Order of Removal

Under the circumstances, we review the IJ's decision as modified and supplemented by the BIA. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review adverse credibility determinations under the substantial evidence standard and treat the agency's findings of fact as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant . . ., the inherent plausibility of the applicant's account," and inconsistencies within and between an applicant's statements "without regard to whether" they go "to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no

reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.

Here, substantial evidence supports the agency's adverse credibility determination. The IJ reasonably relied on significant inconsistencies between Lumaj's testimony and his prior statements. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Lumaj testified that he never saw the individual who rescued him and brought him home because he had been beaten into unconsciousness; but he stated during his initial interview that the man asked him if he needed help. Moreover, Lumaj described the injuries he sustained during the attack as consisting of cuts on his wrists, forehead, and the back of his shoulder. The nurse who treated him, however, wrote that he had bruising and pain in his kidneys.

Lumaj alleged that he was attacked and beaten by members of the Socialist Party on account of his involvement with the Democratic Party. He testified that he never joined a U.S. branch of the Democratic Party of Albania, but he wrote in his application that he joined a

4

U.S. branch of the Democratic Party in 2014 and feared being tortured in Albania because of his political involvement in the United States. Lumaj did not explain the inconsistency about his political activities in the United States and the IJ was not required to credit his explanations for the other inconsistencies. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)).

Lumaj's remaining evidence did not corroborate his claim or rehabilitate his testimony. "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). A letter from the Secretary of the Democratic Party of Albania did not mention the June 2013 attack and thus did not corroborate

5

the attack or Lumaj's testimony that he had reported it to the party.  And Lumaj provided no evidence to corroborate his allegation that his brother continued to receive threats from the Socialist Party.  *See Chuilu Liu v. Holder*, 575 F.3d 193, 198 (2d Cir. 2009) (holding that "the alien bears the ultimate burden of introducing such evidence without prompting from the IJ").

The BIA did not err in rejecting Lumaj's argument that he was deprived of due process because he could not understand the interpreter.  To establish a due process claim, he had to show that he was denied the opportunity to be heard "in a meaningful manner," *Burger v. Gonzales*, 498 F.3d 131, 134 (2d Cir. 2007), and that the "alleged shortcomings have prejudiced the outcome of his case," *Garcia-Villeda v. Mukasey*, 531 F.3d 141, 149 (2d Cir. 2008).  The record supports the agency's conclusion because Lumaj had no difficulty understanding the interpreter on direct and raised the issue only on cross examination when he was asked about inconsistencies.  Lumaj identified Albanian as his best language at the beginning of the hearing, without specifying a particular dialect.  When

6

Lumaj's counsel raised the issue of dialect, the IJ instructed Lumaj to let her know if he did not understand a question, asked him whether he could understand the interpreter, and agreed to slow down the questioning. Lumaj did not show prejudice, *i.e.*, that any difference in dialect caused the inconsistencies that the agency relied on. *See Garcia-Villeda*, 531 F.3d at 149.

Given the significant inconsistencies among Lumaj's testimony, his application, and the documentary evidence, substantial evidence supports the adverse credibility determination. *See Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."). The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

**B.    Docket 19-2036 (Con), Motion to Reconsider**

We review the BIA's denial of a motion to reconsider

for abuse of discretion. *Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir. 2006). A motion to reconsider must specify errors of fact or law in the BIA's decision and be supported with pertinent authority. *See* 8 U.S.C. § 1229a(c)(6)(C); 8 C.F.R. § 1003.2(b)(1); *Ke Zhen Zhao v. U.S. Dep't of Just.*, 265 F.3d 83, 90 (2d Cir. 2001). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur v. BIA*, 413 F.3d 232, 233-34 (2d Cir. 2005) (internal quotation marks omitted). The BIA did not abuse its discretion in denying Lumaj's motion.

Lumaj argued that the BIA's November 2018 decision was invalid because it was issued while Matthew Whitaker was Acting Attorney General, and his appointment was constitutionally invalid. As the BIA found, it lacks authority to rule on the constitutional challenges. *See Arango-Aradondo v. INS*, 13 F.3d 610, 614 (2d Cir. 1994) (holding that "BIA does not have authority to

adjudicate constitutional issues"); *Matter of C–*, 20 I. & N. Dec. 529, 532 (B.I.A. 1992) ("[I]t is settled that the immigration judge and this Board lack jurisdiction to rule upon the constitutionality of the Act and the regulations."). Moreover, the BIA acts for the Attorney General pursuant to authority given in statutes and regulations, and there is no support for Lumaj's position that the BIA must suspend operations when there is a challenge to the designation of an Acting Attorney General. *See* 8 C.F.R. § 1003.1; *see also United States v. Smith*, 962 F.3d 755, 763–66 (4th Cir. 2020) (finding no violation of Appointments Clause, but also concluding that even if designation as Acting Attorney General was invalid, it did not call criminal prosecution into question).

Lumaj's claim that, under *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), the agency lacked jurisdiction because his notice to appear did not state the time and place of his hearing is foreclosed by *Banegas Gomez v. Barr*, 922 F.3d 101, 110–12 (2d Cir. 2019). A notice to appear that omits a hearing date and time is sufficient to vest jurisdiction in the immigration court where, as here, the noncitizen

9

received subsequent hearing notices and appeared at hearings.  *Id.* at 112.

For the foregoing reasons, the petitions for review are DENIED.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court