# United States Court of Appeals
### For the Eighth Circuit

_____

No. 25-1275
_____

Auto-Owners Insurance Company

*Plaintiff - Appellee*

v.

Halo Foundation: Helping Art Liberate Orphans

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: November 18, 2025
Filed: January 27, 2026
_____

Before BENTON, GRASZ, and STRAS, Circuit Judges.
_____

BENTON, Circuit Judge.

The Helping Art Liberate Orphans Foundation challenges Auto-Owners Mutual Insurance Company's denial of liability under its insurance policy. HALO argues that a broken YouTube link for its virtual auction caused losses covered by

the policy. The district court[1] disagreed, granting summary judgment to Auto-Owners. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

I.

HALO, a non-profit organization, hosts an annual art auction. In 2022, it was virtual. To livestream it, HALO contracted with Paradise Productions KC, LLC and Qtego Fundraising Services. Paradise would handle the visual feed, Qtego the bidding software. Paradise created a YouTube link for attendees to view the livestream. Qtego, using the link, synced its software with the livestream. Synced, attendees could view the auction and place bids on one screen.

Minutes before the auction, Paradise lost connection to the internet at its studio. While short lived, the outage permanently broke the YouTube link, ending the connection between the visual feed and bidding software. Attendees could neither place bids nor view the auction. Improvising, HALO diverted the stream to Facebook Live, causing asynchronous visuals and bidding. HALO raised significantly less money than projected due to the broken link.

HALO threatened to sue Paradise for breach of contract and negligence. Unable to pay, Paradise assigned to HALO its claim against its insurer, Auto-Owners. Auto-Owners' general liability insurance policy covers "property damage," including the "[l]oss of use of tangible property that is not physically injured." The policy, however, excludes:

> Damages arising out of the loss of, loss of use of, damage to, corruption of, inability to access, or inability to manipulate electronic data.

Electronic data is defined as "information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and

---

[1]The Honorable Greg Kays, United States District Judge for the Western District of Missouri.

applications software, . . . data processing devices or any other media which are used with electronically controlled equipment."

In the district court, Auto-Owners sued for a declaratory judgment that no coverage exists for the outage. It argued, in part, coverage was barred by policy exclusions. The district court granted summary judgment for Auto-Owners, ruling that the electronic-data exclusion bars recovery. HALO appeals.

II.

"We review a grant of summary judgment on an insurance policy interpretation de novo, applying the same summary judgment standard as the district court and using state law to determine coverage issues." ***BITCO Gen. Ins. Corp. v. Smith***, 89 F.4th 643, 645 (8th Cir. 2023). Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." **Fed. R. Civ. P. 56(a)**. "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." ***Torgerson v. City of Rochester***, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc) (internal quotation marks omitted), *quoting* ***Ricci v. DeStefano***, 557 U.S. 557, 586 (2009). This court's "review of the district court's interpretation of state law—in this case, Missouri law—is [also] de novo." ***Nationwide Ins. Co. v. Cent. Missouri Elec. Coop., Inc.***, 278 F.3d 742, 745 (8th Cir. 2001).

"Insurance contracts are read as a whole to determine the intent of the parties, giving effect to that intent by enforcing the contract as written." ***Mt. Hawley Ins. Co. v. City of Richmond Heights***, 92 F.4th 763, 767 (8th Cir. 2024) (cleaned up), *quoting* ***Thiemann v. Columbia Pub. Sch. Dist.***, 338 S.W.3d 835, 839–840 (Mo. App. 2011). "The central issue in interpreting contract language is determining whether any ambiguity exists, which occurs where there is duplicity, indistinctness, or uncertainty in the meaning of the words used in the contract." ***Id***. (internal quotation marks omitted). "If the policy language is clear and unambiguous, it must be construed as written." ***Axis Surplus Ins. Co. v. TriStar Companies, LLC***, 94

F.4th 767, 769 (8th Cir. 2024), *quoting* **Doe Run Res. Corp. v. Am. Guarantee &
Liab. Ins.**, 531 S.W.3d 508, 511 (Mo. banc 2017). If ambiguities exist, courts
construe them "in favor of the insured, but only when a reasonable person would
expect coverage under the policy terms." **BITCO**, 89 F.4th at 646 (internal citation
omitted). "Under Missouri law, the insured has the burden of proving coverage, and
the insurer has the burden of proving that an exclusion applies." **Axis Surplus**, 94
F.4th at 769.

III.

HALO argues that the policy's plain language covers its lost auction revenue.
It asserts that the bidders' inability to access the YouTube livestream on their
electronic devices is a "[l]oss of tangible property that is not physically injured."
HALO believes that the electronic-data exclusion is ambiguous, and that Auto-
Owners did not meet its burden of proving that the exclusion applied.

The policy's electronic-data exclusion bars recovery. This provision excludes
coverage for: "Damages *arising out of* the loss of, loss of use of, damage to,
corruption of, inability to access, or inability to manipulate electronic data."
(emphasis added). While "[p]olicy exclusions and limitations are to be strictly
construed against the insurer," "under Missouri insurance law, 'arising out of' has
been interpreted 'to be a very broad, general and comprehensive phrase' meaning
'originating from' or 'having its origins in' or 'growing out of' or 'flowing from.'"
**Capitol Indem. Corp. v. 1405 Assocs., Inc.**, 340 F.3d 547, 550 (8th Cir. 2003). *See
also* **Richards v. Bunkhouse Bar & Grill, LLC**, 719 S.W.3d 810, 819 (Mo. App.
2025) (same). HALO's damages arose out of either the broken YouTube link or the
internet outage, both of which are the "loss of, loss of use of, . . . inability to access,
or inability to manipulate electronic data." The exclusion's plain language clearly
and unambiguously bars HALO from coverage. *See* **Sachtleben v. Alliant Nat'l**

*Title Ins. Co.*, 687 S.W.3d 624, 630 (Mo. banc 2024) ("A policy must be enforced as written when its language is clear and unambiguous.").[2]

The district court properly granted summary judgment.

\* \* \* \* \* \* \*

The judgment is affirmed.

_____

---

[2]Since the electronic-data exclusion clearly and unambiguously bars recovery, this court need not consider HALO's arguments about the policy's "property damage" provision.