

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-6-2009

# USA v. Serino

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4228

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Serino" (2009). *2009 Decisions.* Paper 1912.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1912

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-4228

UNITED STATES OF AMERICA,

v.

ALBERT SERINO,
a/k/a "Butchie" Serino,

Appellant

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 06-cv-00417-02)
District Judge: Honorable James M. Munley

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
October 31, 2008

Before: Sloviter, Stapleton, Tashima,[*] *Circuit Judges*

Filed: February 6, 2009

OPINION

---

[*] The Honorable A. Wallace Tashima, Senior United States Circuit Judge, United
States Court of Appeals for the Ninth Circuit, sitting by designation.

TASHIMA, *Circuit Judge.*

On May 14, 2007, Albert Serino ("Serino") pleaded guilty to possession of goods stolen from interstate commerce, 18 U.S.C. §§ 659 and 2. He was sentenced to 18 months' imprisonment and three years' supervised release, and he now appeals. We have jurisdiction under 18 U.S.C. § 3742(a).

**I.**

In January 2006, government agents received information that Serino was attempting to sell stolen traveler's checks. A confidential informant then contacted Serino in order to purchase the checks. According to the informant, Serino possessed $385,000 in stolen traveler's checks that he offered to sell for 20 percent of their face value. The two agreed to a transaction and scheduled a meeting at which government agents conducted surveillance. They observed Serino sell the informant $10,000 worth of stolen checks for $2,500 in cash. Approximately two weeks later, the informant again met with Serino and attempted to negotiate the purchase of the remaining checks. During this meeting, Serino indicated that there were approximately $380,000 worth of traveler's checks available for sale. Authorities ultimately recovered $378,500 worth of stolen traveler's checks from other individuals involved in the crime.

Serino's advisory Guidelines sentencing range was calculated at 18-24 months, based on a criminal history category of I and an offense level of 15. He was sentenced to an 18-month term of imprisonment – the bottom end of the Guidelines range.

2

**II.**

Serino challenges his sentence on three grounds. First, he challenges the district court's calculation of "loss" under U.S.S.G § 2B1.1. Second, he argues that the district court failed properly to consider the mitigating facts and arguments, as required by 18 U.S.C. § 3553(a). Finally, Serino contends that the district court did not adequately state its reasons for the sentence, as required by 18 U.S.C. § 3553(c).

**A.**

We review the factual determinations underlying a district court's loss calculation for clear error. United States v. Himler, 355 F.3d 735, 740 (3d Cir. 2004).

Under the Sentencing Guidelines, "loss" is a specific offense characteristic and is defined as "the greater of actual loss or intended loss." U.S.S.G. § 2B1.1 cmt. 3(A). The comments define "intended loss," the relevant form of loss in this case, as "the pecuniary harm that was intended to result from the offense . . . ." Id. at cmt. 3(A)(ii). Further, under the Guidelines, the defendant is responsible for:

> (1)(A) all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant; and
>
> (B) in the case of a jointly undertaken criminal activity (a criminal plan, scheme, endeavor, or enterprise *undertaken by the defendant in concert with others, whether or not charged as a conspiracy*), all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity, that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense . . . .

U.S.S.G. § 1B1.3(a)(1) (emphasis added).

3

Serino argues that the district court improperly linked him to the $378,500 of traveler's checks recovered from others, contending that the loss chargeable to him should be limited to the value of the checks he transferred to the informant. According to Serino, the recorded conversation between him and the informant does not support the conclusion that he possessed the checks. He argues that the conversation proves only that "he knew of these remaining checks and [in] whose possession they remained." This evidence, however, is sufficient to link Serino to the remaining traveler's checks on the basis of a jointly undertaken criminal activity. In other words, the evidence supports an inference that Serino was a member of a jointly undertaken criminal activity, and thus was responsible for the remaining traveler's checks under § 1B1.3(a)(1)(B). The district court's loss calculation findings, therefore, were not clearly erroneous.

Serino also argues that the face value of the outstanding traveler's checks should not have been charged to him as loss, citing United States v. Geevers, 226 F.3d 186, 194 (3d Cir. 2000), in support. Geevers holds, however, that a district court may consider the face value of a check as part of a reasonable estimate of the intended loss. Id. Here, unlike in Geevers, there is little doubt that Serino intended and realized that the traveler's checks would be redeemed for their full face value. The district court thus did not clearly err in basing its intended loss determination on the face value of the traveler's checks.

**B.**

We review sentencing decisions for abuse of discretion. Gall v. United States, 128

4

S. Ct. 586, 597 (2007). "An abuse of discretion is a clear error of judgment, and not simply a different result which can arguably be obtained when applying the law to the facts of the case." Tracinda Corp. v. DaimlerChrysler AG, 502 F.3d 212, 240 (3d Cir. 2007) (quoting SEC v. Infinity Group Co., 212 F.3d 180, 195 (3d Cir. 2000)).

Serino argues that the district court erred because it did not adequately consider mitigating factors such as health, general good character, and family responsibilities. "To determine if the court acted reasonably in imposing the resulting sentence, we must first be satisfied the court exercised its discretion by considering the relevant factors." United States v. Sevilla, 541 F.3d 226, 231-32 (3d Cir. 2008) (quoting United States v. Cooper, 437 F.3d 324, 329 (3d Cir. 2006)). The record indicates, however, that the district court adequately considered Serino's mitigating arguments. The district judge heard all the arguments presented by Serino and clearly indicated during the sentencing hearing that he took them into consideration. Because we conclude that the district court adequately considered the factors under 18 U.S.C. § 3553(a), we further conclude that Serino's sentence – at the bottom of the Guidelines range – was reasonable and not an abuse of discretion. See also Rita v. United States, 127 S. Ct. 2456, 2465 (2007) (noting that a sentence within the advisory Guidelines range will probably be reasonable).

## C.

The final argument raised by Serino is that his sentence is unreasonable because the district court failed adequately to state its reasons for imposition of the sentence

pursuant to 18 U.S.C. § 3553(c). In <u>Rita</u>, the Supreme Court explained that a district court need not always explain in detail its reasoning in imposing a sentence:

> [W]e cannot read the statute (or our precedent) as insisting upon a full opinion in every case. The appropriateness of brevity or length, conciseness or detail, when to write, what to say, depends upon circumstances. Sometimes a judicial opinion responds to every argument; sometimes it does not; sometimes a judge simply writes the word "granted," or "denied" on the face of a motion while relying upon context and the parties' prior arguments to make the reasons clear. The law leaves much, in this respect, to the judge's own professional judgment.

127 S. Ct. at 2468. What the Court stated in <u>Rita</u> applies equally to this case: "In our view, given the straightforward, conceptually simple arguments before the judge, the judge's statement of reasons here, though brief, was legally sufficient." <u>Id.</u>

For the foregoing reasons, the judgment and sentence will be affirmed.