**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————————

No. 15-3604

———————————

UNITED STATES OF AMERICA

v.

KEVIN BARNES,

Appellant

———————————

On Appeal from the United States District Court
for the District of Delaware
In (D. Del. No. 1-14-cr-00047-001)
District Judge: Hon. Richard G. Andrews

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 19, 2016

Before: McKEE, *Chief Judge*,[1] RENDELL and HARDIMAN, *Circuit Judges*

(Opinion Filed: January 26, 2017)

———————

OPINION∗

———————

[1] Judge McKee concluded his term as Chief of the U.S. Court of Appeals for the Third Circuit on September 30, 2016.

∗ This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

McKEE, *Chief Judge*.

Kevin Barnes appeals the judgment of sentence the United States District Court for the District of Delaware imposed after accepting Barnes's guilty plea. Barnes pled guilty to all three counts of an indictment pursuant to a plea agreement and was sentenced to 80 months imprisonment, followed by four years of supervised release. The terms of the plea agreement provided that Barnes would waive his right to appeal with certain specified exceptions.[2] For the following reasons, we will affirm the judgment of sentence.

## I.

We first address the *Anders* Brief and accompanying Motion to Withdraw[3] Barnes's counsel has filed. In reviewing such a motion, we are required to determine "(1) whether counsel['s] [brief] adequately fulfill[s] [Third Circuit Local Appellate Rule 109.2(a)'s] requirements; and (2) whether an independent review of the record presents any nonfrivolous issues."[4] Defense counsel's brief must "(1) satisfy the court that counsel has thoroughly examined the record in search of appealable issues, and (2) explain why the issues are frivolous."[5] If we are convinced that counsel's brief satisfies the requirements of Rule 109.2(a), identified all appealable issues, and explained why those issues are

---

[2] These exceptions were outlined in paragraph 13 of the plea agreement, which provided as follows: "Notwithstanding the foregoing, the Defendant reserves his right (1) to file an appeal or other collateral motion on the grounds that he received ineffective assistance of counsel; and (2) to appeal his sentence if: (a) the government appeals from the sentence, (b) the Defendant's sentence exceeds the statutory maximum for the offense set forth in the United States Code, or (c) the sentence unreasonably exceeds the Sentencing Guidelines range determined by the District Court in applying the United States Sentencing Guidelines."

[3] *See Anders v. California*, 386 U.S. 738 (1967).

[4] *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001).

[5] *Id.*

frivolous, we conduct our own review of the record. Our independent review is confined "to those portions of the record identified by an adequate *Anders* brief . . . [and] those issues raised in Appellant's *pro se* brief."[6]

Counsel's Brief satisfies Rule 109.2(a). It identifies a potentially appealable issue— "whether the sentence imposed by the District Court was procedurally and substantively reasonable"—and determines that the issue would be frivolous. The Brief adequately discusses our precedent and any relevant cases from the Supreme Court, and it applies the law to the facts of this case.

Therefore, we will grant counsel's Motion to Withdraw.

## II.

In his briefs,[7] Barnes alleges that he was provided with ineffective assistance of counsel. Subsumed in that ineffective assistance claim are Barnes's arguments that counsel did not adequately inform him of potential grounds for a sentencing departure, and did not raise duress or mitigating factors at sentencing; that counsel did not advise Barnes of the availability of a possible justification defense (and did not raise that defense);[8] and that

---

[6] *Id.* at 301.

[7] Barnes filed his first Opening Brief on April 11, 2106. After the Government filed its Response on May 13, 2016, Barnes filed another Brief on June 23, 2016, which we will construe as a Reply. For clarity, we will consider the arguments in both briefs together.

[8] On this issue, we explained in *United States v. Paolello*: "[I]n a criminal case, a justification defense is dependent upon the defendant not having recklessly placed himself in a situation in which he would be forced to engage in criminal conduct." 951 F.2d 537, 541 (3d Cir. 1991). We note that during the District Court guilty plea colloquy, Barnes admitted that he possessed three handguns because he kept a large amount of heroin in his home and needed protection.

3

counsel labored under a conflict of interest. [9] Barnes also argues that his right to due process of law was denied.

When deciding whether a waiver of appellate rights—like the one in Barnes's plea agreement—bars an appeal, we consider: "(1) whether the waiver 'of the right to appeal [his] sentence was knowing and voluntary;' (2) 'whether one of the specific exceptions set forth in the agreement prevents the enforcement of the waiver,' *i.e.*, what is the scope of the waiver and does it bar appellate review of the issue pressed by the defendant; and (3) 'whether enforcing the waiver would work a miscarriage of justice.'"[10]

Though Barnes argues to the contrary, his plea agreement does include a waiver of the right to appeal, with specified exceptions. Barnes was specifically informed that the plea agreement contained a clause (Paragraph 13) wherein he agreed to forego his right to appeal, except in the limited circumstances specified in that paragraph.

The sentencing transcript confirms his acceptance of the plea agreement terms.[11] Barnes assured the District Court that his plea was voluntary and stated that he had read

---

[9] Although it is not altogether clear, it appears that the conflict of interest claim is asserted as a reason for counsel's purported ineffective assistance. *See* Opening Br., at 10. ("Counsel . . . had a choice to pursue the justification defense in addition to pursuing the mitigation argument, but failed to do so. There is no reasonable argument as to why Counsel failed to effectively represent the interests of Appellant therefore supporting that Counsel had a conflict of interest. . . ."). Barnes asserts that counsel's failure to present the justification defense on his behalf constitutes a conflict of interest. However, he has not pointed to any plausible alternative defense strategy and we see nothing on this record that would even suggest that his attorney failed to pursue a given strategy because of conflicting loyalties or interests. *See United States v. Gambino*, 864 F.2d 1064, 1070–71 (3d Cir. 1988). Moreover, ineffective assistance of counsel claims are not considered on direct appeal. *See United States v. Thornton*, 327 F.3d 268, 271–72 (3d Cir. 2003).

[10] *United States v. Goodson*, 544 F.3d 529, 536 (3d Cir. 2008) (quoting *United States v. Jackson*, 523 F.3d 234, 243–44 (3d Cir. 2008)).

[11] App., at 23–30.

the plea agreement and had no questions about it.[12] During the change of plea colloquy, the District Court had the Assistant United States Attorney go over the terms of that agreement, paragraph by paragraph.[13] In doing so, the A.U.S.A. quoted key provisions of Paragraph 13, and Barnes confirmed that he understood the agreement.[14] We therefore conclude that Barnes's waiver was knowing and voluntary, and our review of the record also satisfies us that no miscarriage of justice will result from enforcing it.[15]

According to the plea agreement, Barnes did not waive his right to allege that counsel was ineffective. However, claims of ineffective assistance of counsel, like those Barnes attempts to raise in his pro se briefs, are not normally cognizable on direct appeal. They must, instead, be raised in a collateral proceeding.[16] We explained the reason for this in *United States v. Thornton*.[17] Accordingly, we will not now consider Barnes' ineffective assistance of counsel claims.

We note, however, that one of Barnes's allegations is that counsel was ineffective for "not informing [him] that the 5K2.12 was an available argument for a downward departure." In doing so, he notes: "I did not waive any rights . . . to argue for a downward

---

[12] *Id.*

[13] *Id.*

[14] *Id.*

[15] *See Goodson*, 544 F.3d at 540–41 n.11; *United States v. Khattak*, 273 F.3d 557, 561–63 (3d Cir. 2001) (outlining factors a court should consider when reviewing a waiver: "[t]he clarity of the error, its gravity, its character . . . , the impact of the error on the defendant, the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result").

[16] *United States v. Haywood*, 155 F.3d 674, 678 (3d Cir. 1998) ("Claims of ineffective assistance of counsel generally are not entertained on direct appeal. We have repeatedly held that the proper avenue for pursuing such claims is through a collateral proceeding in which the factual basis for the claim may be developed." (internal citations and quotation marks omitted)).

[17] 327 F.3d 268, 271–72 (3d Cir. 2003); *Haywood*, 155 F.3d at 678.

5

departure, therefore my counsel did not adequately represent my interests by failing to argue or present the argument for a 5K2.12 departure." To the extent that he is challenging the denial of a 5K2.12 departure, he is asking us to review his sentence, but the circumstances specified in his plea agreement that would allow such an appeal are absent. The same is true of Barnes's claim that counsel was ineffective for not raising duress or mitigating factors at sentencing. To the extent that he is challenging his sentence, the claim has been waived. To the extent that he is arguing that his attorney was ineffective, the claim will not be addressed on direct appeal.

Barnes also claims that he was denied due process, but it is not clear whether he is asserting a substantive or procedural due process claim apart from a challenge to his sentence, or whether he is asserting that claim within the context of his ineffective assistance of counsel claim. In his Reply pro se Brief, he states: "I feel denial of effective assistance of counsel has violated my due process rights under the Fifth Amendment because my counsel's failure to properly investigate and present mitigating evidence to either the court or to the Government."[18] Notwithstanding Barnes's citation to the Fifth Amendment (due process clause), the context of that assertion suggests that it is a Sixth Amendment ineffective assistance of counsel claim. As we have already explained, we will not address an ineffective assistance claim on direct appeal. Moreover, our examination of the record establishes that there was no procedural error in imposing

---

[18] Reply pro se Br., at 8.

6

sentence, and the 80-month sentence is reasonable under all of the circumstances and, thus, not a denial of substantive due process.[19]

### III.

For the reasons stated above, we will grant counsel's Motion to Withdraw and affirm the District Court's judgment of sentence.

---

[19] Barnes further insists that the District Court erred "by sentencing [him] without properly following the procedures set forth in [Federal Rule of Criminal Procedure] 32" because he was not "given a copy of his [presentence report] until the morning of sentencing." But at his sentencing, he swore before the District Court that he had read the PSR, discussed it with his attorney, and had told his attorney everything that he wanted to about the PSR. Accordingly, the fact that Barnes himself may not have received the PSR until the morning of the sentencing provides no basis for relief. To the extent that Barnes raises this issue as a procedural due process claim, our review of the sentencing proceeding establishes that any such claim would be without merit.