NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1314
_____

UNITED STATES OF AMERICA

v.

TOREY D. WHITE,
                              Appellant
_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Action No. 1-16-cr-00294-001)
District Judge: Honorable Christopher C. Conner
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
November 5, 2018

Before: AMBRO, SCIRICA, and RENDELL, Circuit Judges

(Opinion filed: November 19, 2018)
_____

OPINION[*]
_____

AMBRO, Circuit Judge

    The United States Government filed a three-count indictment against Torey White,

which included a charge for possession with intent to distribute at least 28 grams of

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

cocaine, in violation of 21 U.S.C. § 841(a)(1) ("Count One"). The next day, agents searched White's residence and found drugs, firearms, and ammunition. The Government filed a superseding indictment adding three more charges, including possession of a firearm and ammunition in the furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c) ("Count Five"). White pled guilty to Counts One and Five. He was sentenced to a term of 70 months' imprisonment on Count One, and a consecutive 60 months on Count Five.

White appealed his sentence, arguing 18 U.S.C. § 924(c) was rendered unconstitutional by *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). His court-appointed counsel filed a motion to withdraw pursuant to Local Appellate Rule ("L.A.R.") 109.2(a) and a supporting *Anders* brief arguing that any appeal was frivolous. *See United States v. Diallo*, 732 F. App'x 94, 97 (3d Cir. 2018); *see also Anders v. California*, 386 U.S. 738 (1967). Pursuant to Rule 109.2(a), the Government must respond to an *Anders* brief. Here the Government agrees that all claims are frivolous. White did not file a *pro se* brief in response. The District Court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction under 28 U.S.C. § 1291.

Rule 109.2(a) provides an opportunity for defense counsel, a *pro se* defendant, and the Government to weigh in on whether all of a defendant's claims are frivolous, and, if so, whether counsel may withdraw from the case. L.A.R. 109.2(a). "If the panel agrees that the appeal is without merit, it will grant counsel's *Anders* motion, and dispose of the appeal without appointing new counsel." *Id.* When reviewing an appeal that includes an *Anders* brief, we apply plenary review, *Simon v. Government of the Virgin Islands*, 679

2

F.3d 109, 114 (3d Cir. 2012), and consider "(1) whether counsel adequately fulfilled [Rule 109.2(a)]; and (2) whether an independent review of the record presents any nonfrivolous issues," *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001).

The first prong of the *Anders* analysis is fulfilled if the defense counsel has "satisfactorily established that he or she 'has thoroughly examined the record in search of appealable issues' and 'explain[ed] why [those] issues are frivolous.'" *Diallo*, 732 F. App'x at 97 (quoting *Youla*, 241 F.3d at 300). Counsel's failure to address fully the issues, however, is not the "conscientious examination" of the record required for an *Anders* brief. *United States v. Coleman*, 575 F.3d 316, 319 (3d Cir. 2009) (citing *Anders*, 386 U.S. at 744). Because we are convinced that counsel's *Anders* brief "satisfie[d] the requirements of Rule 109.2(a), identified all appealable issues, and explained why those issues are frivolous," *United States v. Barnes*, 677 F. App'x 786, 787 (3d Cir. 2017), we turn to the second prong of the *Anders* analysis: independent review of the record. *See Anders*, 386 U.S. at 744.

Like his counsel, we see none of the claims White brings on appeal as meritorious. First, he argues that the statute under which he pled guilty to the firearm offense, 18 U.S.C. § 924(c), was rendered unconstitutional by *Dimaya*. But that case held only that the residual clause of a different subsection of the statute—§ 924(e)(2)(B)—was void for vagueness. *See* 138 S. Ct. at 1211–12. This holding does not bear on § 924(c).

Second, White contends that his 70-month sentence for the drug offense and his mandatory 60-month sentence for the gun offense should have run concurrently, not consecutively. But 18 U.S.C. § 924(c)(1)(D)(ii) requires that a mandatory 60-month

3

sentence for a firearm offense run consecutively. *See also United States v. Walker*, 473 F.3d 71, 85 (3d Cir. 2007) (rejecting a similar challenge to a consecutive sentence under section 924(c)).

Third, he asserts that the sentence for his drug offense should be vacated because the Government did not present evidence of the quantity of cocaine. But White himself pled guilty to possessing over 28 grams of cocaine and did not object to the presentence report that stated he had 29 grams of cocaine.

Finally, White argues that the District Court should have departed downward from the Guideline range for the drug offense. But, in the absence of strong mitigating factors, it would make little to no sense to hold that the Court abused its discretion by adopting a sentence at the bottom of that range. *See United States v. Woronowicz*, 744 F.3d 848, 852 (3d Cir. 2014); *see also United States v. Serino*, 309 F. App'x 637, 640 (3d Cir. 2009) (citing *Rita v. United States*, 551 U.S. 338, 350–51 (2007)).

Thus we affirm.